■ RALPH FERRANTE, Respondent, v. CAYE CONSTRUCTION COMPANY, INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. UNITED ROOFING & WATERPROOFING CORP., Third-Party Defendant-Appellant.— In an action to recover damages for personal injury, wherein the defendant Caye Construction Company, Inc., a general contractor, as third-party plaintiff, instituted a third-party action to recover over against plaintiff's employer (United Roofing & Waterproofing Corp.), a subcontractor, as third-party defendant, for all sums which might be awarded to the plaintiff against the defendant, the parties appeal as follows from a judgment of the Supreme Court, Kings County, entered June 5, 1962 after trial, upon the verdict of the jury for $34,200 and upon the decision of the court (see 34 Misc 2d 469) : (1) The defendant-third-party plaintiff (Caye) appeals from so much of the judgment as awarded $34,821.40 to plaintiff against it and as dismissed the first cause of action in the third-party complaint which was based on the common-law theory of indemnification between passive and active tort-feasors. (2) The third-party defendant (United) appeals from so much of the judgment as awarded $34,821.40 to the plaintiff against the defendant Caye and as directed recovery over in favor of said defendant Caye as third-party plaintiff against United as third-party defendant on the second cause of action in the third-party complaint, which was based on a contractual provision of indemnity. The judgment was entered after a jury verdict in favor of plaintiff against defendant Caye and after a determination by the Trial Judge, to whom the issues raised by the third-party complaint and the third-party answer had been submitted pursuant to stipulation, as to the third-party complaint. Judgment modified on the law

and the facts as follows: (1) by striking out the first decretal paragraph which directs recovery in favor of plaintiff for $34,821.40 against the defendant Caye; (2) by striking out the second decretal paragraph which directs recovery over by defendant Caye as third-party plaintiff on its second cause of action (in the third-party complaint) of said sum, plus costs of $150, against the third-party defendant United; and (3) by adding a paragraph dismissing on the law both the plaintiff's complaint and the second cause of action in the third-party complaint. As so modified, the judgment, insofar as appealed from, is affirmed, with costs in favor of defendant Caye against plaintiff. In our opinion, defendant Caye was not liable to plaintiff for the injuries he sustained. Plaintiff and his fellow employees were provided — not with a place in which to work — but with a specific physical object, to wit, the concrete deck, to work upon and to complete by the extensive application of the roofing materials. The accumulation of rain water on the concrete deck where plaintiff slipped, if a danger, was one open and apparent to plaintiff, an experienced roofer; it was an obvious danger which inhered in the performance of the work. Under such circumstances, for the injuries which he sustained, the plaintiff is not entitled to recover damages from the defendant (*Employers Mut. Liab. Ins. Co. v. Di Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379). In any event, if plaintiff's complaint were not dismissed for the reason stated, the judgment in favor of the plaintiff and the third-party plaintiff (Caye) would be reversed and a new trial granted for errors committed during the trial and because the verdict was excessive. If the judgment in favor of plaintiff were sustained, then the recovery over by the defendant Caye, as third-party plaintiff against the third-party defendant United upon the second cause of action (in the third-party complaint) would also be sustained (cf. *Jordan v. City of New York*, 3 A D 2d 507). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.